Lanning M. Trueb, ABA No. 8911083
JOHNSON KAMAI & TRUEB, LLC
330 L Street
Anchorage, Alaska 99501
Phone:  907.277.0161
Facsimile: 907.277.0164
E-mail:  Lmtrueb@msn.com

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ADAM ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG GUSTAFSON, *in personam*, and the F/V LUCRATIVE, O.N. 627430, and the engine, tackle, gear, apparel, furniture and equipment, *in rem.*<br><br>Defendants. | Case No. 3:16-cv-_____<br><br>**VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM* FOR PERSONAL INJURIES** |

## ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY AND PREPAYMENT OF COSTS
### (28 U.S.C. § 1916)

Plaintiff Adam Allen, through counsel Lanning M. Trueb of Johnson Kamai & Trueb, LLC, alleges the following causes of action against defendants.

## INTRODUCTION

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears.  This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).  The negligence action against plaintiff's employer, the owner of the vessel on which he served, and the vessel *in rem*, arises under §33 of the Merchant Marine Act of 1920, presently found at

COMPLAINT
*Allen v. Gustafson*
Page 1 of 7

JOHNSON KAMAI & TRUEB, LLC.
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

46 U.S.C. § 30104 (Jones Act), and/or the general maritime law. Plaintiff waives his right to a trial by jury and elects to try his action on the admiralty side of this Honorable Court. For the reasons noted more fully below, both jurisdiction and venue are appropriate before this Court.

2. Plaintiff, a seaman, was injured aboard a vessel on the navigable waters off Kodiak Island, Alaska. This Court has both subject matter and personal jurisdiction over all of plaintiff's claims.

3. On information and belief, plaintiff's injuries occurred on or about March 12, 2016. Plaintiff acknowledges that he may be off by a couple of days with respect to the exact date of the injury. Per 46 U.S.C. § 30106, plaintiff's claims are timely filed.

4. Plaintiff is a citizen of the United States, and at all material times resides in Kodiak, Alaska.

5. During all times herein mentioned, defendant Craig Gustafson, who resides in Kodiak, Alaska, was plaintiff's employer.

6. During all times herein mentioned, defendant Craig Gustafson was the owner and/or owner *pro hac vice* and/or operator and/or charterer and/or controller of the F/V LUCRATIVE, O.N. 627430.

7. The *in rem* defendant F/V LUCRATIVE is a vessel, and is now or will, during the pendency of process hereinafter, be within this district and the jurisdiction of the Court.

### NEGLIGENCE AND UNSEAWORTHINESS

8. Plaintiff hereby realleges and incorporates paragraphs 1 – 7.

9. On or before March 12, 2016, plaintiff was engaged as a seaman by defendant to be employed aboard the F/V LUCRATIVE.

JOHNSON KAMAI & TRUEB, LLC.
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

JOHNSON KAMAI & TRUEB, LLC.

330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

10.     On or about March 12, 2016, and while plaintiff was performing his duties aboard the F/V LUCRATIVE, and as a direct and proximate result of the negligence of defendant and/or as the direct and proximate result of the unseaworthiness of the F/V LUCRATIVE, plaintiff incurred injury to his shoulder and other body parts while, in furtherance of his duties, fishing gear, namely a fishing pump and other tender gear, came loose when deck boards, secured only by nails and not lag screws or bolts, gave way in heavy weather.  While trying to hold in place and re-secure the fishing gear so as to prevent damage to both the gear and the vessel, plaintiff's shoulder was pulled and jerked; causing injury to the shoulder.

11.     As a direct and proximate result of said negligence and/or unseaworthiness as herein alleged, plaintiff was caused to suffer injuries, inter alia, to his shoulder and other body parts, and suffered and may continue to suffer in the future, great amounts of physical pain with resultant physical disability.

12.     Additionally, after plaintiff suffered his injuries on the F/V LUCRATIVE, defendant, despite repeated request and demand, failed to timely pay plaintiff all of the maintenance and cure to which he was and still is entitled.  Defendant's failure to timely pay maintenance and cure or otherwise provide for plaintiff's medical care and support during convalescence is the direct and proximate cause of additional physical, emotional and/or economic injuries suffered by plaintiff.

13.     As a direct and proximate cause of the above-described injuries, plaintiff was prevented from, and may in the future be prevented from, completely pursuing his regular occupation, in addition to the loss of income plaintiff has already suffered because of said injury; and plaintiff was prevented from, and he may in the future be prevented from, enjoying the enjoyments and pursuits of life, and plaintiff has further incurred, and may in the future incur,

**COMPLAINT**
*Allen v. Gustafson*

reasonable and necessary medical expenses, including but not limited to, physician fees and medication costs, all to plaintiff's damage in the sum in excess of One Hundred Thousand Dollars ($100,000.00), to be proven more definitely at trial in this matter.

### CLAIMS FOR MAINTENANCE, CURE & UNEARNED WAGES

14. Plaintiff hereby realleges and incorporates Paragraphs 1-13.

15. A vessel employer owes all seamen who become ill or injured while in the service of the vessel the no-fault maritime obligations of maintenance, cure and unearned wages.

16. The vessel employer's obligation to pay maintenance, cure and unearned wages is the most pervasive of all the obligations owed a seaman.

17. Defendant was plaintiff's vessel employer.

18. Defendant owed a duty to pay plaintiff maintenance, cure and unearned wages for the injuries plaintiff incurred aboard the F/V LUCRATIVE.

19. Plaintiff's rights and claims to maintenance, cure and unearned wages give rise to a preferred maritime lien against the *in rem* defendant, the F/V LUCRATIVE.

20. After plaintiff suffered his injuries on the F/V LUCRATIVE, and despite repeated demand and request, defendant has not paid plaintiff any maintenance, cure and unearned wages he was owed; and still have not paid all the maintenance, cure and unearned wages to which he is entitled.

21. Plaintiff also claims herein all future maintenance, cure and unearned wages to which he is entitled, all in an amount to be determined at trial.

### CLAIM FOR ATTORNEY'S FEES & PUNITIVE DAMAGES FOR FAILURE TO PAY MAINTENANCE, CURE & UNEARNED WAGES

22. Plaintiff hereby realleges and incorporates Paragraphs 1-21.

JOHNSON KAMAI & TRUEB, LLC.
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

JOHNSON KAMAI & TRUEB, LLC.
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

22. Following plaintiff's injury, plaintiff repeatedly requested that defendant provide him with the maritime benefits of maintenance, cure and unearned wages.

23. Despite repeated requests, defendant failed to pay plaintiff the maintenance, cure or unearned wages owed.

23. Defendant's intentional failure to pay plaintiff any maintenance, cure and unearned wages was and is willful, intentional, and callous; and a deliberate disregard of plaintiff's well-being.

24. As a result of defendant's actions, plaintiff was required to hire an attorney and incur costs in an attempt to obtain the maritime benefits owed. Defendant, with willful, intentional, callous, and deliberate disregard of plaintiff's well-being, continued to ignore plaintiff's requests for maritime benefits.

25. As a result of defendant's actions in refusing to pay plaintiff's maintenance, cure and unearned wages, plaintiff is entitled to his actual attorney's fees and punitive damages.

## WAGE CLAIM

26. Plaintiff hereby realleges and incorporates Paragraphs 1-25.

27. On or before March 12, 2016, plaintiff was engaged as a seaman by defendant Craig Gustafson and/or his representative and/or agent to be employed aboard the F/V LUCRATIVE.

28. During all times herein mentioned, the F/V LUCRATIVE was a vessel over 20 gross tons.

29. Prior to plaintiff beginning his employment aboard the F/V LUCRATIVE, defendant Craig Gustafson failed to have in place a written crew contract covering plaintiff's employment aboard the F/V LUCRATIVE. Defendant's failure to have in place a written crew contract covering plaintiff's employment aboard the F/V LUCRATIVE was and is a violation of 46

**COMPLAINT**
*Allen v. Gustafson*                                                                 Page 5 of 7

U.S.C. § 10601.

30.  As a result of defendant's violation of 46 U.S.C. § 10601, defendant is liable to plaintiff for all penalties and sanctions afforded under Federal and Maritime law for said violation; including without limit those sanctions set forth in 46 U.S.C. § 11107.

WHEREFORE, PREMISES CONSIDERED, plaintiff prays this Court to hear his just cause of action, and that this Court require the defendant *in personam* to answer his just cause of action, and that he be awarded judgment against defendant as follows:

1.  That plaintiff be awarded maintenance and cure against defendants.

2.  That plaintiff be awarded compensatory damages, and any other damages allowable under the general maritime law and the Jones Act, against defendants jointly and severally in a sum in excess of One Hundred Thousand Dollars ($100,000.00), in an amount to be more fully determined at trial in this matter.

3.  That the defendant F/V LUCRATIVE be held to answer to an *in rem* judgment, with all available *in rem* procedures; and that plaintiff be adjudged as a holder of a personal, preferred maritime lien against the vessel.

4.  That plaintiff be awarded attorney's fees, prejudgment interest, post-judgment interest, costs, and any other relief in law or equity to which plaintiff is shown to be entitled.

DATED this 6th day of May, 2016, at Anchorage, Alaska.

JOHNSON KAMAI & TRUEB, LLC
Attorney for Plaintiff

By:  /s/  Lanning M. Trueb
Lanning M. Trueb
330 L Street
Anchorage, Alaska 99501
Phone:  907.277.0161

**COMPLAINT**
*Allen v. Gustafson*                                                      Page 6 of 7

Case 3:16-cv-00090-JWS     Document 1     Filed 05/06/16     Page 6 of 7

JOHNSON KAMAI & TRUEB, LLC.
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

**VERIFICATION**

Adam Allen, deposes and says: He is the Plaintiff and makes this verification on his own behalf; that he has read the above and foregoing Complaint *in rem* and *in personam*, knows the contents thereof, and the same is true to the best of his knowledge and belief, based upon the information furnished to him.

_____
Adam Allen, Plaintiff

SUBSCRIBED AND SWORN TO before me this 6th day of May, 2016.

State of Alaska
NOTARY PUBLIC
Patricia Miller
My Commission Expires Apr 7, 2017

_____
Notary Public, State of Alaska
My Commission Expires: 4·7·17

JOHNSON KAMAI & TRUEB, LLC.
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

**COMPLAINT**
*Allen v. Gustafson*

Page 7 of 7